IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| ETHAN RADVANSKY, *on behalf of himself and others similarly situated*,<br><br>   Plaintiff<br><br>v.<br><br>1-800-FLOWERS.com, Inc.,<br><br>   Defendant. | Case No.: 1:25-cv-02811-TWT |

**DEFENDANT 1-800-FLOWERS.COM, INC.'S RESPONSE TO PLAINTIFF'S NOTICE OF SUPPLEMENTAL AUTHORITY**

Defendant 1-800-FLOWERS.COM, Inc. ("Defendant") submits this Response to Plaintiff's Notice of Supplemental Authority (ECF No. 22), in which Plaintiff invites this Court to adopt the reasoning of the Northern District of Illinois in *Mujahid v. Newity, LLC*, No. 25-C-8012, 2025 WL 3140725 (N.D. Ill. Nov. 10, 2025).

As Defendant has explained in its Motion to Dismiss (ECF No. 14) and Reply Memorandum (ECF No. 21), none of the rationales provided by the *Mujahid* court are persuasive. This Court should instead follow the reasoning of other district courts to address this issue, including two in this Circuit (*El Sayed v. Naturopathica Holistic Health, Inc.*, No. 8:25-cv-00846, 2025 WL 2997759 (M.D. Fl. Oct. 25,

1

2025) and *Davis v. CVS Pharmacy, Inc.*, No. 4:24-cv-477, 2025 WL 2491195 (N.D. Fl. Aug. 26, 2025)), holding that text messages are not "telephone calls."

Defendant respectfully submits that *Mujahid* is not persuasive due to, *inter alia*, (1) the court's failure to follow the Supreme Court's and Eleventh Circuit's directive that "every statute's meaning is *fixed at the time of enactment*," *Loper Bright Enterprises v. Raimondo*, 603 U.S. 369, 400 (2024) (emphasis added);[1] and (2) the court's conflation of the term "telephone call" used in Section 227(c)(5) with the term "telephone solicitation" used in Section 227(c)(1) and defined in 227(a)(4). *Mujahid* recognized that text messages did not exist until almost a year after enactment of Section 227(c)(5) of the TCPA. *See* 2025 WL 3140725, at *2. But the court then relied on a *2002 edition* of Webster's dictionary to conclude the "contemporary" meaning of "telephone call" includes a text message. *Id.* (citing Webster's Third New International Dictionary 318 (2002)). Because binding case law holds that the definition of "telephone call" was fixed at the time of enactment in 1991, a "telephone call" under Section 227(c)(5) cannot encompass a "text message."

---

[1] *See also Watson v. Kingdom of Saudi Arabia*, No. 24-11310, 2025 WL 3137641, at *16 (11th Cir. Nov. 10, 2025) (holding that an undefined term in a statute must be defined by looking to the "ordinary meaning at the time of enactment," and thus the court looked to the 2014 edition of Black's Law Dictionary to determine what an undefined statutory term meant in 2016.

2

Defendant respectfully urges this Court to follow the U.S. Supreme Court's directive and the better reasoned recent authorities holding that the term "telephone call" in 1991 did not encompass a text message.

Dated: November 18, 2025

                                              Respectfully submitted,

                                              **DENTONS US LLP**

                                              */s/ Mark A. Silver*
                                              Mark A. Silver, Esq.
                                              Georgia Bar No.: 811928
                                              Leanne E. Sunderland, Esq.
                                              Georgia Bar No. 351965

                                              303 Peachtree Street, N.E., Suite 5300
                                              Atlanta, GA 30308
                                              Telephone: (404) 527-4000
                                              Mark.Silver@dentons.com
                                              Leanne.Sunderland@dentons.com

                                              *Attorneys for Defendant 1-800-FLOWERS.com, Inc.*

## LOCAL RULE 7.1(D) CERTIFICATE OF FONT COMPLIANCE

Pursuant to Local Rule 7.1(D), I hereby certify that the foregoing has been prepared with one of the font and point selections approved by this Court in Rule 5.1(C) of the Civil Local Rules of Practice for the United States District Court for the Northern District of Georgia, specifically Times New Roman 14 pt.

                **DENTONS US LLP**

                */s/ Mark A. Silver*
                Mark A. Silver, Esq.
                Georgia Bar No.: 811928
                Leanne E. Sunderland, Esq.
                Georgia Bar No. 351965

                303 Peachtree Street, N.E., Suite 5300
                Atlanta, GA 30308
                Telephone: (404) 527-4000
                Mark.Silver@dentons.com
                Leanne.Sunderland@dentons.com

                *Attorneys for Defendant 1-800-FLOWERS.com, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on November 18, 2025, a copy of the foregoing was filed using the Court's CM/ECF system and served via email or transmission of Notices of Electronic Filing generated by CM/ECF to all counsel of record by the Court's CM/ECF system.

This 18th day of November, 2025.

**DENTONS US LLP**

*/s/ Mark A. Silver*
Mark A. Silver, Esq.
Georgia Bar No.: 811928
Leanne E. Sunderland, Esq.
Georgia Bar No. 351965

303 Peachtree Street, N.E., Suite 5300
Atlanta, GA 30308
Telephone: (404) 527-4000
Mark.Silver@dentons.com
Leanne.Sunderland@dentons.com

*Attorneys for Defendant 1-800-FLOWERS.com, Inc.*

2