IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| ETHAN RADVANSKY, on behalf of himself and others similarly situated<br><br>Plaintiff,<br><br>v.<br><br>1-800-FLOWERS.com, Inc.<br><br>Defendant. | Civil Action No.:25-cv-2811 |

**PLAINTIFF'S NOTICE OF SUPPLEMENTAL AUTHORITY**

Plaintiff submits this Notice of Supplemental Authority to advise the Court of recent decisions relevant to the Court's consideration of Defendants' dispositive motion and the relevant briefing on that issue.

Judge Engelmayer from the United States District Court for the Southern District of New York issued *Wilson v. Better Mortgage Corp.*, No. 25-cv-5503-PAE, ECF No. 34 (S.D. NY. December 5, 2025). A copy of the decision is attached hereto as Exhibit 1. *Wilson* addresses the same threshold question presented in Defendant's motion and in the parties' post-McLaughlin submissions: whether "telephone calls" under 47 U.S.C. § 227(c) encompass promotional text messages sent to numbers listed on the National Do-Not-Call Registry. The Court in *Wilson* held:

1

> The Court holds, in accord with a growing consensus of case law, that § 227(c) of the TCPA applies to text messages for multiple reasons, developed below. In brief, although modern parlance tends to distinguish between phone calls and text messages, the meaning of "telephone call" in 1991—when the TCPA was enacted—was broad enough to encompass text messages. The overwhelming weight of authority holds that § 227(b), a neighboring section using the same term, covers text messages, and the meaning of "telephone call" in § 227(c) is at least as broad as that in § 227(b). The FCC has also interpreted both § 227(b) and (c) to apply to text messages.
>
> \*   \*   \*
>
> As reviewed above, the ordinary public meaning of "telephone call" in § 227(c) meant a communication by telephone, which encompasses text messages. That reading is supported by § 227(c)'s context and purpose; the uniform construction of neighboring § 227(b); the significant weight of case authority; and the FCC's consistent interpretation. The Court therefore holds that § 227(c) applies to text messages.

*Wilson v. Better Mortgage Corp.,* No. 25 CIV. 5503 (PAE), 2025 WL 3493815, at *5-9 (S.D.N.Y. Dec. 5, 2025). And through its analysis the Southern District of New York rejected a number of arguments that Defendant raises in its memorandum. Also worth mentioning, the Southern District of New York explained:

> District court decisions have largely held that § 227(c) applies to text messages. *See, e.g.*, *Mujahid*, 2025 WL 3140725, at *3; *MEDVIDI*, 2025 WL 2856295, at *2–4; *Skopos Fin.*, 2025 WL 2029274, at *4–5; *Hudson*, 2024 WL 4190513, at *8; *Pariseau*, 619 F. Supp. 3d at 1207; *Sagar v. Kelly Auto. Grp., Inc.*, No. 21 Civ. 10540, 2021 WL 5567408, at *4–5 (D. Mass. Nov. 29, 2021); *see also Bosley v. A Bradley Hosp. LLC*, No. 25 Civ. 22336, 2025 WL 2686984, at *5 (S.D. Fla. Sept. 19, 2025) (no dispute that § 227(c) applies to text messages); *Evers v. CampaignSidekick, LLC*, 2025 WL 2896818, at *4

(N.D. Ill. Oct. 10, 2025) (same); *Connor v. Servicequick Inc.*, No. 24 Civ. 2286, 2025 WL 2855393, at *2 (D. Colo. Oct. 8, 2025) (same). These decisions turned on statutory construction, not agency deference, and thus are not called into question by *Loper Bright*.

*See id*. at *9 (additionally noting that "the reasoning" in three contrary decisions is "flawed").

Plaintiff respectfully requests that the Court consider this submission as further authority supporting Plaintiff's opposition.

|  |  |
|---|---|
|  | Respectfully Submitted, |
| Dated: December 5, 2025 | */s/ Anthony I. Paronich*<br>Anthony I. Paronich<br>Paronich Law, P.C.<br>350 Lincoln Street, Suite 2400<br>Hingham, MA 02043<br>(508) 221-1510<br>anthony@paronichlaw.com |
|  | *Attorneys for Plaintiff and the putative Class* |

3