# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| ETHAN RADVANSKY, *on behalf of himself and others similarly situated*, <br><br> Plaintiff, <br><br> v. <br><br> 1-800-FLOWERS.com, Inc., <br><br> Defendant. | Case No.: 1:25-cv-02811-TWT |

## DEFENDANT 1-800-FLOWERS.COM, INC.'S RESPONSE TO PLAINTIFF'S NOTICE OF SUPPLEMENTAL AUTHORITY

Defendant 1-800-FLOWERS.COM, Inc. ("Defendant") submits this Response to Plaintiff's Notice of Supplemental Authority (ECF No. 24), in which Plaintiff invites this Court to adopt the reasoning of the Southern District of New York in *Wilson v. Better Mortgage Corp.*, No. 25-cv-5503, ECF No. 34, 2025 WL 3493815 (S.D.N.Y. Dec. 5, 2025).

Defendant respectfully submits that *Wilson* is not persuasive due to, *inter alia*, the court's (i) conflation of the term "telephone call" used in Section 227(c)(5) with the term "telephone solicitation" used in Section 227(c)(1) and defined in 227(a)(4); (ii) conflation of the term "telephone call" used in Section 227(c)(5) with the same term used in Section 227(b); and (iii) failure to follow the Supreme Court's directive that "every statute's meaning is fixed at the time of enactment." *See Loper Bright*

*Enters. v. Raimondo*, 603 U.S. 369, 400 (2024). Because binding case law holds that the definition of "telephone call" was fixed at the time of enactment, a "telephone call" under Section 227(c)(5) cannot encompass a "text message."

*Wilson* relies on two dictionary definitions in holding that the ordinary public meaning of "telephone call" at the time the TCPA was enacted in 1991 was "a communication made by telephone." The definition from Webster's Third New International Dictionary cited by *Wilson* is from 1993, which is two years after the TCPA's enactment and more than a year after text messages were invented. As a result, this definition does not accurately capture the meaning of "telephone call" as it was understood in 1991, before any member of Congress knew of a text message.

With respect to the 1989 Webster's Ninth New Collegiate Dictionary cited by *Wilson*, the first quoted definition makes clear that a call involves the act of calling on the telephone.[1] This would not include text messages. Although the dictionary for "call" also includes definitions referencing "communicat[ing]" or "deliver[ing] (a message)" by telephone, these definitions necessarily referred to communications or deliveries made by placing a telephone call, as text messaging did not yet exist. Had Congress intended Section 227(c) to be flexible enough to encompass future technological developments related to telephones, it could have used broader

---

[1] The *Wilson* court used the definition of "call" from this dictionary, as that appears on Page 197 and this dictionary does not include a definition of "telephone call."

language such as "communications by telephone" or "delivery of a message by telephone" rather than the specific term "telephone call."

Congress has since made it clear that "calls" and "telephone calls" do not include text messages. For example, 47 U.S.C. § 227(i)(1) authorizes information sharing related to "<u>a call made or a text message</u> sent in violation of subsection (b)" and "<u>a call or text message</u> for which misleading or inaccurate caller identification information was caused to be transmitted" under subsection (e). *See* 47 U.S.C. § 227(i)(1) (emphasis added). 47 U.S.C. § 227(e)(8) defines "text message" and "text messaging service" for purposes of caller ID spoofing prohibitions, again distinguishing "text message" from telephone calls. And in 18 U.S.C. § 2325, Congress defined "telemarketing or email marketing" in a criminal statute as "a plan, program, promotion, or campaign that is conducted to induce . . . [actions] by use of one or more interstate <u>telephone calls</u>, emails, <u>text messages</u>, or electronic instant messages" (emphasis added). These statutes further support that call or telephone call does not include text messages. *See In re Griffith*, 206 F.3d 1389, 1393 (11th Cir. 2000) (en banc) (explaining that the Eleventh Circuit "disfavor[s] interpretations of statutes that render language superfluous").[2]

---

[2] *Wilson's* broad reading of "telephone call" from 1991 to mean "any communication made using a telephone" seems to encompass emails sent by phone. No one disputes that the TCPA does not (and has never been read) to cover emails, again weighing against *Wilson*'s extremely broad reading of what "telephone call" meant in 1991. *See, e.g.*, *Prukala v. Elle*, 11 F. Supp. 3d 443, 448–49 (M.D. Pa. 2014) ("The fact

-3-

Defendant respectfully submits that authorities cited by *Wilson* do not support drawing a conclusion to the contrary. *Melito v. Experian Marketing Solutions, Inc.*, 923 F.3d 85, 88 (2d Cir. 2019), did not address whether a text message constitutes a phone call under Section 227(c)(5) but whether receipt of an unsolicited text message could constitute a sufficient injury to confer Article III standing.

The *Yeskey* and *Sedima* cases[3] are likewise inapposite. *Yeskey* held that the ADA's prohibition on a "public entity" discriminating against a "qualified individual with a disability" applied to state prisons and inmates. *Sedima* held that RICO could be applied against both respected, legitimate businesses as well as criminal enterprises. Both cases clarified whether certain persons and entities that existed at the time of the applicable statute's enactment fell within the ambit of a statutorily defined term. In contrast, holding that a text message is a "telephone call" would not constitute a new or expanded *application* of Section 227(c); rather, doing so would change the *meaning* of the of that term when the statute was enacted.

---

that Plaintiff received the alleged e-mails on the same device that she uses as a telephone does not bring such communications under the reach of the TCPA."). The Eleventh Circuit has cautioned that, "[w]hile most words carry more than one dictionary definition, [o]ne should assume the contextually appropriate ordinary meaning unless there is reason to think otherwise." *Catalyst Pharms., Inc. v. Becerra*, 14 F.4th 1299, 1307 (11th Cir. 2021). The "contextually appropriate ordinary meaning" of "telephone call" from 1991 taking into account the historical context could not have meant text messages, let alone emails.

[3] *Pa. Dep't of Corr. v. Yeskey*, 524 U.S. 206, 212 (1998); *Sedima, S.P.R.L. v. Imrex Co.*, 473 U.S. 479, 499 (1985).

-5-

Dated: December 16, 2025

                                          Respectfully submitted,

**DENTONS US LLP**

*/s/ Mark A. Silver*
Jeffrey A. Zachman
GA Bar No: 254916
Mark A. Silver, Esq.
Georgia Bar No.: 811928
Leanne E. Sunderland, Esq.
Georgia Bar No. 351965

303 Peachtree Street, N.E., Suite 5300
Atlanta, GA 30308
Telephone: (404) 527-4000
Mark.Silver@dentons.com
Leanne.Sunderland@dentons.com

*Attorneys for Defendant 1-800-FLOWERS.com, Inc.*

## LOCAL RULE 7.1(D) CERTIFICATE OF FONT COMPLIANCE

Pursuant to Local Rule 7.1(D), I hereby certify that the foregoing has been prepared with one of the font and point selections approved by this Court in Rule 5.1(C) of the Civil Local Rules of Practice for the United States District Court for the Northern District of Georgia, specifically Times New Roman 14 pt.

**DENTONS US LLP**

*/s/ Mark A. Silver*
Jeffrey A. Zachman
GA Bar No: 254916
Mark A. Silver, Esq.
Georgia Bar No.: 811928
Leanne E. Sunderland, Esq.
Georgia Bar No. 351965

303 Peachtree Street, N.E., Suite 5300
Atlanta, GA 30308
Telephone: (404) 527-4000
Jeffrey.Zachman@dentons.com
Mark.Silver@dentons.com
Leanne.Sunderland@dentons.com

*Attorneys for Defendant 1-800-FLOWERS.com, Inc.*

# CERTIFICATE OF SERVICE

I hereby certify that on December 16, 2025, a copy of the foregoing was filed using the Court's CM/ECF system and served via email or transmission of Notices of Electronic Filing generated by CM/ECF to all counsel of record by the Court's CM/ECF system.

This 16th day of December, 2025.

**DENTONS US LLP**

*/s/ Mark A. Silver*
Jeffrey A. Zachman
GA Bar No: 254916
Mark A. Silver, Esq.
Georgia Bar No.: 811928
Leanne E. Sunderland, Esq.
Georgia Bar No. 351965

303 Peachtree Street, N.E., Suite 5300
Atlanta, GA 30308
Telephone: (404) 527-4000
Jeffrey.Zachman@dentons.com
Mark.Silver@dentons.com
Leanne.Sunderland@dentons.com

*Attorneys for Defendant 1-800-FLOWERS.com, Inc.*