## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| ETHAN RADVANSKY, *on behalf of himself and others similarly situated*, | |
|     Plaintiff, | Case No.: 1:25-cv-02811-TWT |
| v. | |
| 1-800-FLOWERS.com, Inc., | |
|     Defendant. | |

### DEFENDANT 1-800-FLOWERS.COM, INC.'S RESPONSE TO PLAINTIFF'S NOTICE OF SUPPLEMENTAL AUTHORITY

Defendant 1-800-FLOWERS.COM, Inc. ("Defendant") submits this Response to Plaintiff's Notice of Supplemental Authority (ECF No. 27), in which Plaintiff invites this Court to adopt the reasoning of the Northern District of West Virginia in *Mey v. Liberty Home Guard, LLC*, No. 25-cv-2811, ECF No. 153, 2026 U.S. Dist. LEXIS 739 (N.D.W.V. Jan. 5, 2026). This Court should decline that invitation and instead join the weight of authority in the Eleventh Circuit in holding that text messages are not "telephone calls" under the relevant statute.

First, as a primary basis of its decision, the *Mey* court focused on the term "telephone solicitation" used in Section 227(c)(1) and defined in 227(a)(4) instead of focusing on the term "telephone call" used in Section 227(c)(5), which is the provision applicable in Plaintiff's case. The phrases are not identical, and Congress's

decision to use different language in the respective sections means that they should not be interpreted to mean the same thing. *See* ECF 21 at pp. 3-5.

Second, *Mey* treats "telephone call" in Section 227(c)(5) interchangeably with the term "call" used in Section 227(b). Plaintiff has sued Defendant solely under Section 227(c)(5), and the broader scope of Section 227(b)'s prohibition on "any call" should not be transposed to Section 227(c)(5)'s more specific definition of "telephone call." *See* ECF 21 at pp. 8-11.

Third, FCC interpretations equating text messages to telephone calls need not, and should not, be given controlling deference. The plain meaning of "telephone call" does not encompass a "text message," and therefore, no interpretation is necessary. Moreover, even if some interpretation were warranted, the FCC's rule extending do-not-call protection to text messages should not be afforded any weight (even if deferential review were appropriate) because this construction of the law was issued more than twenty years after the TCPA. *See* ECF 21 at pp. 8-12; *see also* ECF 14-1 at pp. 4-15.

Fourth, the ordinary meaning of "telephone call" does not encompass text messages. As the Supreme Court and Eleventh Circuit have recently reaffirmed, every statute's meaning is fixed at the time of enactment. *Loper Bright Enters. v. Raimondo*, 603 U.S. 369, 400 (2024); *see also Watson v. Kingdom of Saudi Arabia*, No. 24-11310, 2025 WL 3137641, at *16 (11th Cir. Nov. 10, 2025). Because text

messaging did not exist when the TCPA was enacted in 1991, the term "telephone call" in Section 227(c) could not have, and did not, mean "text message." *See, e.g.*, ECF 14-1 at pp. 13-15; ECF 21 at pp. 2-6; ECF 23 at pp. 1-3; ECF 26 at pp. 1-3.

Fifth, while canons of construction and consideration of a statute's purpose can play a role in determining the ordinary public meaning of a statutory provision, if the text at issue is clear, a court's "job is at an end." *Bostock v. Clayton Cnty., Ga.*, 590 U.S. 644, 674 (2020). As described above and throughout Defendant's briefing, the ordinary public meaning of "telephone call" at the time of the TCPA's enactment did not, and could not have, encompassed "text message."

Dated: January 21, 2026

Respectfully submitted,

**DENTONS US LLP**

*/s/ Mark A. Silver*
Jeffrey A. Zachman
GA Bar No: 254916
Mark A. Silver, Esq.
Georgia Bar No.: 811928
Leanne E. Sunderland, Esq.
Georgia Bar No. 351965

303 Peachtree Street, N.E., Suite 5300
Atlanta, GA 30308
Telephone: (404) 527-4000
Mark.Silver@dentons.com
Leanne.Sunderland@dentons.com

*Attorneys for Defendant 1-800-FLOWERS.com, Inc.*

3

## <u>LOCAL RULE 7.1(D) CERTIFICATE OF FONT COMPLIANCE</u>

Pursuant to Local Rule 7.1(D), I hereby certify that the foregoing has been prepared with one of the font and point selections approved by this Court in Rule 5.1(C) of the Civil Local Rules of Practice for the United States District Court for the Northern District of Georgia, specifically Times New Roman 14 pt.

**DENTONS US LLP**

*/s/ Mark A. Silver*
Jeffrey A. Zachman
GA Bar No: 254916
Mark A. Silver, Esq.
Georgia Bar No.: 811928
Leanne E. Sunderland, Esq.
Georgia Bar No. 351965

303 Peachtree Street, N.E., Suite 5300
Atlanta, GA 30308
Telephone: (404) 527-4000
Jeffrey.Zachman@dentons.com
Mark.Silver@dentons.com
Leanne.Sunderland@dentons.com

*Attorneys for Defendant 1-800-*
*FLOWERS.com, Inc.*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on January 21, 2026, a copy of the foregoing was filed using the Court's CM/ECF system and served via email or transmission of Notices of Electronic Filing generated by CM/ECF to all counsel of record by the Court's CM/ECF system.

This 21st day of January, 2026.

**DENTONS US LLP**

*/s/ Mark A. Silver*
Jeffrey A. Zachman
GA Bar No: 254916
Mark A. Silver, Esq.
Georgia Bar No.: 811928
Leanne E. Sunderland, Esq.
Georgia Bar No. 351965

303 Peachtree Street, N.E., Suite 5300
Atlanta, GA 30308
Telephone: (404) 527-4000
Jeffrey.Zachman@dentons.com
Mark.Silver@dentons.com
Leanne.Sunderland@dentons.com

*Attorneys for Defendant 1-800-FLOWERS.com, Inc.*