IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| ETHAN RADVANSKY, *on behalf of himself and others similarly situated*,<br><br>Plaintiff,<br><br>v.<br><br>1-800-FLOWERS.com, Inc.,<br><br>Defendant. | Case No.: 1:25-cv-02811-TWT |

**DEFENDANT 1-800-FLOWERS.COM, INC.'S**
**NOTICE OF SUPPLEMENTAL AUTHORITY**

Defendant 1-800-FLOWERS.COM, Inc. ("Defendant") submits this Notice of Supplemental Authority in further support of its motion to dismiss (ECF No. 14).

Plaintiff has urged this Court to give deference to previous FCC orders finding that a "text message" is a "telephone call." In ordering a stay of discovery pending resolution of a defendant's motion to dismiss, a district court in the Southern District of Florida aligned itself with the growing consensus among courts in the Eleventh Circuit by finding it "crystal clear" that the question of whether a "text message" constitutes a "telephone call" under Section 227(c)(5) would ultimately be resolved by "applying the canons of construction, analyzing precedent, and looking to other persuasive court opinions, not by deferring to the Federal Communication Commission's interpretation." *McGonigle v. Pure Green Franchise Corp.*, No. 25-

61164-CIV, 2026 WL 111338, at *2 (S.D. Fla. Jan. 15, 2026). A copy of the *McGonigle* order is attached hereto as Exhibit 1.

*McGonigle* elaborated that even assuming FCC interpretations of Section 227(c)(5) were not void *ab initio* under the nondelegation doctrine, the court would neither "resurrect *Chevron* out of the grave" following *Loper Bright* nor defer to such FCC interpretations. *Id.*

*McGonigle* provides further persuasive support for Defendant's position regarding the definition of "telephone call" under Section 227(c) and for granting Defendant's motion to dismiss. Indeed, perhaps recognizing the growing weight of authority in the Eleventh Circuit, the *McGonigle* plaintiff voluntarily dismissed the case without prejudice shortly after the court's stay order.

Dated: January 28, 2026

Respectfully submitted,

**DENTONS US LLP**

/s/ Mark A. Silver
Jeffrey A. Zachman
GA Bar No: 254916
Mark A. Silver, Esq.
Georgia Bar No.: 811928
Leanne E. Sunderland, Esq.
Georgia Bar No. 351965

303 Peachtree Street, N.E., Suite 5300
Atlanta, GA 30308
Telephone: (404) 527-4000
jeffrey.zachman@dentons.com

2

mark.silver@dentons.com
Leanne.Sunderland@dentons.com

*Attorneys for Defendant 1-800-FLOWERS.com, Inc.*

## **LOCAL RULE 7.1(D) CERTIFICATE OF FONT COMPLIANCE**

Pursuant to Local Rule 7.1(D), I hereby certify that the foregoing has been prepared with one of the font and point selections approved by this Court in Rule 5.1(C) of the Civil Local Rules of Practice for the United States District Court for the Northern District of Georgia, specifically Times New Roman 14 pt.

                                                **DENTONS US LLP**

                                                */s/ Mark A. Silver*
                                                Mark A. Silver, Esq.
                                                Georgia Bar No.: 811928

2

## CERTIFICATE OF SERVICE

I hereby certify that on January 28, 2026, a copy of the foregoing was filed using the Court's CM/ECF system and served via email or transmission of Notices of Electronic Filing generated by CM/ECF to all counsel of record by the Court's CM/ECF system.

This 28th day of January, 2026.

**DENTONS US LLP**

*/s/ Mark A. Silver*
Jeffrey A. Zachman
GA Bar No: 254916
Mark A. Silver, Esq.
Georgia Bar No.: 811928
Leanne E. Sunderland, Esq.
Georgia Bar No. 351965

303 Peachtree Street, N.E., Suite 5300
Atlanta, GA 30308
Telephone: (404) 527-4000
jeffrey.zachman@dentons.com
mark.silver@dentons.com
leanne.sunderland@dentons.com

*Attorneys for Defendant 1-800-FLOWERS.com, Inc.*